IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ARMANDO RIOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| TEXAS CHRISTIAN UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, the Plaintiff, Armando Rios, and files his Original Complaint complaining of Defendant, Texas Christian University, and for cause of action would respectfully show the Court as follows:

### I.

### JURISDICTION

1. Because Plaintiff's claims present a federal question, there is federal court jurisdiction pursuant to 28 U.S.C. § 1331.

### II.

### VENUE

2. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Texas because all or a substantial portion of the acts or omission giving rise to Plaintiff's claims occurred in Tarrant County, Texas.

## III.

## RELATED PROCEEDING

3. Plaintiff previously filed suit in cause No. 4:22-cv-394-Y alleging discrimination claims under Title VII, and Chapter 21 of the Texas Labor Code. On July 6, 2022, Judge Terry Means dismissed the case without prejudice based upon failure to exhaust administrative remedies.

## IV.

## PARTIES

4. Plaintiff Armando Rios (hereinafter referred to as "Rios") is an individual who is a citizen of the State of Texas.

5. Defendant Texas Christian University (hereinafter referred to as "Defendant TCU") is a private university, and doing businesses in Texas, and may be served with process by serving its registered agent, Victor J. Boschini, Jr., 3101 Bellaire Dr., Suite 3200, Fort Worth, Texas 76129.

## V.

## FACTS

6. This is a case of institutional racism. Defendant TCU is an institution of higher learning. Since Defendant TCU's founding by 2 slave owners, Defendant TCU has been permeated with an ethic of white elitism that has long discouraged the equal participation of Blacks, Hispanics, Asians and other racial minorities in university life at all levels including academically and in employment.

7. Rios is a Hispanic/Mexican-American.

8. For over 3 years, Rios was a hard-working employee of Defendant TCU who received evaluations exceeding expectations.

9. Rios as a supervisor held employees accountable pursuant to TCU policy.

10. Defendant TCU has a history of repeatedly failing to take action on complaints of discrimination made by non-whites.

11. Rios made a race discrimination complaint to Chief Inclusion Officer Darron Turner. No action was taken.

12. Rios also made a race discrimination complaint to Vice Chancellor and Chief Human Resources Officer Yohna Chambers. One of Rios's supervisors, TCU Associate Vice Chancellor for Facilities & Campus Planning Todd Waldvogel, became extremely hostile to Rios's complaints. No action was taken.

13. Rios also shared his concerns about race discrimination with TCU Chancellor Victor J. Boschini, Jr., who failed to take any action, just as he failed in response to other complaints made about race discrimination to him.

14. Thereafter, Defendant TCU placed Rios on a performance improvement plan based on unfounded basis and Rios's supervisor told him the Progressive Improvement Plan was wrong and unwarranted.

15. No Hispanic employees complained of Rios discriminating against them. However, Human Resources Director Kristen Taylor, who is white falsely claimed Rios was "racist against Mexicans" despite Rios being of Mexican descent to parents from Mexico. Taylor indicated in all her years of handling complaints of discrimination at TCU, she never found that a white employee engaged in discrimination but that Rios was the only TCU employee that she ever found that engaged in race discrimination against other Hispanic employees. In an incredible act of projection, it appears the only racism Defendant TCU wants to recognize is supposed racism by racial minorities as it turns a blind eye to the elitist white culture it has curated that fuels racism against racial minorities on its campus.

16. During the first year of the COVID pandemic, Rios tirelessly worked to maintain operations.

17. During the COVID pandemic in 2020, Rios's request to work remotely was denied by Defendant TCU while other similarly situated non-Hispanics employees were granted permission to work remotely.

18. Defendant TCU directed Rios to complete a psychological evaluation, a request it never made for a white employee. Rios questioned why. Defendant TCU then indicated it was mistaken and it wanted Rios to go through training.

19. In 2019 and 2020, TCU Associate Vice Chancellor for Facilities & Campus Planning Todd Waldvogel promoted white employees who were similarly situated counterparts to Rios to the positions of Director of Asset Management and Technical Services and Director of Utilities without posting the position to allow qualified candidates to apply for positions.

20. On August 17, 2020, Rios complained to Defendant TCU Associate Vice Chancellor for Facilities & Campus Planning Todd Waldvogel overlooked qualified minorities for promotions including Rios. Nothing was done.

21. On September 9, 2020, Defendant TCU terminated Rios for reasons unworthy of credence, to wit, falsely claiming poor performance was the reason.

22. Rios was unemployed for about a year.

## VI.

## CAUSES OF ACTION

23. Defendant TCU terminated, and denied promotions to Rios by interfering with his job performance and the terms and conditions of his employment because of his race, Hispanic/Mexican-American, in violation of in violation of 42 U.S.C. § 1981.

24. Defendant TCU terminated and denied promotions to Rios for complaining about and opposing race discrimination in violation of 42 U.S.C. § 1981.

25. Defendant TCU at all relevant times acted through their agents and employees.

## VII.

## DAMAGES

26. As a result of Defendant TCU's actions, Rios has suffered in the past, and in all reasonable likelihood, will suffer in the future, damages including, lost wages, back pay, front pay, lost earning capacity, mental anguish, emotional pain and suffering, lost employment benefits, inconvenience, loss of enjoyment of life, damage to professional reputation, and other damages.

27. Moreover, Defendant TCU engaged its actions with malice, therefore, Rios is entitled to punitive damages.

28. Rios also seeks reinstatement to a comparable position if feasible.

29. Rios seeks attorney fees, expert witness fees and other costs pursuant to 42 U.S.C. § 1988(b).

30. Rios seeks attorney fees, expert witness fees and other costs pursuant to section 29 U.S.C. § 2617.

## VIII.

31. Rios seeks a temporary and permanent injunction ordering Defendant TCU to reinstate Rios to his previous position and/or a promotion with commensurate benefits as if he had never been terminated.

32. Rios seeks a temporary and permanent injunction enjoining Defendant TCU from refusing to conduct a good faith investigation of current employees' complaints of race discrimination and requiring Defendant TCU to do so.

33. Rios seeks declaratory relief in the form of a Court order declaring that Defendant TCU terminated Rios because of his race and in retaliation for his race discrimination complaint to warn future potential employees of Defendant TCU.

## IX.

## JURY DEMAND

34. Rios requests a trial by jury.

## X.

## PRAYER

WHEREFORE, Rios prays that the Defendant TCU be duly cited to appear and answer herein, that upon a final trial of this cause, Rios recover:

1. Judgment against Defendant TCU, for Rios's damages as set forth above;

2. Reinstatement to a comparable position and/or a promotion;

3. A temporary and permanent injunction reinstating him to his position with Defendant TCU;

4. A temporary and permanent injunction requiring Defendant TCU to conduct good faith investigations into current employees' race discrimination complaints;

5. A declaration by the Court that "Defendant TCU unlawfully discriminated against Plaintiff Rios because of his race Hispanic, and his complaint of race discrimination in violation of 42 U.S.C. § 1981;

6. Interest on said judgment at the legal rate from date of judgment;

7. Prejudgment interest as allowed by law;

8. Costs of Court; and

9. Such other and further relief to which Rios may be entitled.

Respectfully submitted,

/s/ JASON C.N. SMITH
JASON C.N. SMITH
State Bar No.   00784999

LAW OFFICES OF JASON SMITH
612 Eighth Avenue
Fort Worth, Texas 76104
Telecopier: (817) 334-0880
Telephone: (817) 334-0898
E-mail: jasons@letsgotocourt.com
Service Email: courtfiling@letsgotocourt.com
ATTORNEYS FOR PLAINTIFF